# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUTFORT DIVISION

| | |
|---|---|
| Southeastern Dock & Platform, LLC, and, ) <br> J. Michelle Brown ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Atlantic Specialty Insurance Company, ) <br> Internal Marine Underwriters, One Beacon ) <br> Insurance Group Holdings, Ltd., Correll Insurance ) <br> Group, LLC, Lowcountry Insurance Services, LLC, ) <br> Dana Roll, and Jeffrey S. Althoff, ) <br> ) <br> ) <br> Defendants. ) <br> ) | C/A. No. 9:20-1204-RMG <br><br><br><br><br><br> **ORDER AND OPINION** |

Before the Court is Plaintiffs' motion for remand (Dkt. No. 7). For the reasons set forth below, the Court grants the motion.

## I.     Background

This matter arises out of Defendants' alleged failure to properly procure coverage and alleged mishandling of Plaintiffs' claim for damages under an insurance policy that insured Plaintiffs' barge and excavator that sank in the Coosaw River on September 28, 2018.

Plaintiffs filed suit in the Beaufort County Court of Common Pleas alleging causes of action for negligence, breach of contract, insurance bad faith, negligence in the duty to advise, negligent misrepresentation, and breach of fiduciary duties. Subsequently, on March 18, 2020, Plaintiffs filed an Amended Complaint adding additional defendants and allegations supporting the causes of action set forth in the original Complaint. On March 27, 2020, Defendants removed this action. (Dkt. No. 1).

On April 3, 2020, Plaintiffs filed a motion for remand. (Dkt. No. 7). Defendants oppose, (Dkt. Nos. 13 & 14), and Plaintiffs have filed a reply, (Dkt. No. 16). Plaintiffs' motion is full briefed and ripe for disposition.

## II.    Legal Standard

The right to remove a case from state court to federal court derives from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulcahey v. Columbua Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994); *Pohto v. Allstate Ins. Co.,* No. 10–2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court."). Under the saving to suitors clause, 28 U.S.C. § 1333(1), "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

## III.    Discussion

Plaintiffs ask the Court to remand this action back to the Beaufort County Court of Common Pleas. Plaintiffs cite *Progressive Mountain Ins. Co. v. Dana C. McLendon Co. Inc.*, No. 2:14-CV-04413-DCN, 2015 WL 925932, at *2 (D.S.C. Mar. 4, 2015) in support of the proposition that "plaintiff's choice to bring [an] *in personam* admiralty action in state court . . . cannot be

disturbed." *Id.* (citing *Shernoff v. Morgan Marina, Inc.*, No. 09-1353, 2009 WL 901881, at *2 (D.N.J. Mar. 31, 2009)). Defendants respond by arguing that a plain reading of the provisions of 28 U.S.C. § 1441, as amended on December 7, 2011, renders removal proper. Defendants also cite a Seventh Circuit case, *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015), in support of their reading of § 1441.

> Prior to the 2011 amendment, 28 U.S.C. 1441 read as follows:
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. 1441(a) & (b) (2002).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which, in relevant part, provided:

> (b) Removal based on diversity of citizenship. (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2012).

Defendants contend that the removal of the "other such action" clause in § 1441(b) indicates that, under the clear language of the amendment, Plaintiff's claims arising under general maritime law are properly removable. Other federal district courts, however, both within South Carolina and elsewhere in the Fourth Circuit, have consistently rejected this interpretation. *See, e.g.*, *Progressive Mountain Ins. Co.*, 2015 WL 925932, at *4 ("In light of the relevant case law within the Fourth Circuit and the persuasive weight of authority from other jurisdictions finding that general maritime law claims are not removable [per the savings to suitors clause], the court finds that remand is appropriate."); *Rabenstine v. Nat'l Ass'n of State Boating Law Adm'rs, Inc.,* 2015 WL 256533, at *2 (E.D. Va. Jan.20, 2015) ("[T]his Court recently adopted the majority approach, which holds that [the 2011] amendments do not make maritime cases removable."); *A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Americas,* 2015 WL 128055, at *4 (E.D. Va. Jan.9, 2015) ("[T]he 2011 amendment to § 1441 did not permit maritime claims to be removed to federal court without an independent basis for jurisdiction."); *see also id.* (noting that "[t]he Supreme Court has interpreted the saving to suitors clause 'as a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts.'") (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445 (2001)); *see also* 28 U.S.C. 1333(1).

In light of the persuasive authority cited above and given that no independent basis for federal jurisdiction exists in the instant matter, the Court finds remand appropriate.[1] *See Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 222 (1986) ("The saving to suitors clause leaves state courts competent to adjudicate maritime causes of action in proceedings *in personam*.") (internal quotations omitted); *see also Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354 (1959) ("By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters-a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.").

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for remand (Dkt. No. 7).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Court Judge

August 31 2020
Charleston, South Carolina

---

[1] Though Defendants cite *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015) numerous times in their opposition to Plaintiffs' motion, the *Lu Junhong* court appears to have *not even considered* whether "the saving-to-suitors clause . . . forbids removal." *Id.* at 818. (stating that "[p]erhaps it would be possible to argue that the saving-to-suitors clause itself forbids removal without regard to any language in § 1441" but noting that the plaintiffs "d[id] not make such an argument" on appeal).

5